**In the Matter of Robert and Patricia MANNING, Debtors.**

**Bankruptcy No. 80–20326.**

United States Bankruptcy Court, W. D. New York.

July 31, 1980.

George Reiber, Rochester, N. Y., trustee.

Samuel Klafter, Rochester, N. Y., for debtors.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The debtors have filed a Chapter 13 petition and the plan has been submitted for confirmation. At the confirmation hearing, the Judge raised the question of "good faith".

From the facts presented, it appears that last year the debtors had an income exceeding $45,000. Mr. Manning was employed by Eastman Kodak Company as a manufacturing coordinator and Mrs. Manning was employed as an account executive selling insurance. Recently, Mrs. Manning's connection with her previous employer has been severed and she is now selling insurance on her own. In any event, the petition shows a monthly take home income approximating $2,600 and estimated expenses of approximately $2,500 for the husband, wife and three children.

Under the plan, the debtors propose to pay $80 a month for approximately 4.3 years. They propose to pay secured creditors totaling around $3,300 and priority creditors of approximately $1,700. The secured creditors cover an old vehicle which is valued at about $50, some furniture and a 1977 Oldsmobile Delta auto which the wife drives in her work. The priority claims are

approximately $1,600 in taxes. The plan does not propose to pay the unsecured creditors who total about $18,000 plus.

The major expense items on a monthly basis are as follows: tuition for the three children in college is $300; food is $754; house expenses are $681; transportation is $319.31 and clothing $117 per month. Other miscellaneous items bring the cost to in excess of $2,500 or over $500 per person per month.

The house which the debtors occupy is a two-family Boston styled home located at 137–139 Gorsline Street, Rochester, New York. There are two apartments in the house. The upper numbered, 137, consist of six rooms, living room, kitchen, dining room, open den, bath and two bedrooms with closets. The lower numbered, 139, has essentially the same room arrangement and is divided into three bedrooms, bath, kitchen and living room. Both kitchens are described by the appraisers as large with adequate cupboard and storage space. The debtors with their five-member family occupy both apartments.

The expenditures were questioned because they seemed in excess of normal expenditures proposed by the debtors under other Chapter 13's. The debtors explained this by saying one of their sons was ill and required a special diet and in fact the whole family required a special diet. The $300 a month tuition at college increases the expenses of the debtors. The job the wife has increases the expenses also. The debtors claim that they are a hardship case and the Court should confirm the plan.

In a recent decision in which this Court discussed "good faith", this Court said at page 423 discussing factors to consider in deciding "good faith" (*In re Evelyn Dolores Bellgraph*, 4 B.R. 421, (Bkrtcy.W.D.N.Y.))

These factors are the budget of the debtor, the amount the debtor can feasibly pay, the future income and payment prospects of the debtor, the amount of the outstanding indebtedness, the percentage of repayment and the nature of the debts being discharged . . .

Further on in that opinion the Court said:

. . . Attempts to prevent the abuse of creditors' interest by defining "good faith" are laudable until a case such as this case founders upon the rocks of a too restrictive definition of "good faith". Congress's failure to define "good faith" is a mandate to the bankruptcy judges to review each case on its merits and to confirm only those cases which in view of the factors defined by Judge Mabey, *supra*, measure up to the Courts' sense of what is equitable in a given case. The approach must and should be a flexible one. There should be no exact percentage payment that will insure confirmation. Each case must be decided on its own merits.

Applying that criteria to the present case, the Court can understand the high grocery costs, high transportation costs, the tuition of the children and the medical and drug expense which is incurred by this family. But the Court cannot understand why if this plan is proposed in "good faith" the debtors cannot rent out at least the upstairs apartment for the duration of the plan. This, because of the location of the house, would bring $200 to $250 a month additional income to the debtors and enable them to reduce their expenditures by the utility costs for this unit. The utilities for the smaller apartment average $110 per month. If the upstairs apartment was rented for $200, this would give the debtors an additional $310 per month to pay to their $18,-000 in unsecured creditors. This would enable them even over a three year period to pay the payments proposed by the present plan, plus a substantial payment to the unsecured creditors.

Therefore, the plan proposed is denied confirmation and the debtors are given two weeks to submit a new plan which would take into account this order, if they so desire, and it is so ordered.

This Memorandum and Decision shall constitute Findings of Fact and Conclusions of Law in accordance with Rule 752 of the Rules of Bankruptcy Procedure.