**In re Frank and Gloria TRAMONTO, Debtors.**

**In re George and Elizabeth FOX, Debtors.**

Bankruptcy Nos. 82–20199, 81–21728.

United States Bankruptcy Court,
W. D. New York.

Oct. 6, 1982.

John Belluscio, Rochester, N. Y., for debtors, Tramontos.

George Reiber, chapter 13 trustee.

Albert R. Christiano, Rochester, N. Y., for Rochester Hotel and Restaurant Employee Union Ins. Fund.

Jeffrey Baker, Rochester, N. Y., for Rochester Sav. Bank.

James W. Richards, Rochester, N. Y., for debtors, Foxes.

Paul M. Aloi, Penfield, N. Y., for Louis & Gina Galofaro.

### MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

Two unsecured judgment creditors in these two Chapter 13 proceedings have raised objection to the confirmation of these plans on the grounds that the plans have not been proposed in good faith because they do not provide for full payment of unsecured judgment debts which might not be dischargeable under § 523(a)(4) in regard to the Tramonto case and under § 523(a)(6) in the Fox case.

The facts appear to be as follows. In the Tramonto case, Mr. Tramonto has unse-

cured debts amounting to $34,698.59. Under a five year plan, he proposes to pay 29 cents on the dollar or about $10,150. The debtor proposes to pay the sum of $50 per week by wage order for that five year period. His income is $1,300 a month and he, his wife and an 18 year old son are living on $1,080 a month. The expenses set forth by the debtor and his dependents appear to be of a reasonable amount.

The two creditors who object have the following claims. The Rochester Hotel and Restaurant Employees Union Insurance Fund has a claim against Mr. Tramonto in the amount of $22,939.40 as a result of a default judgment against him based upon conversion and fraud. Mr. Tramonto has pleaded guilty to several counts of larceny in the Monroe County Court and at an examination before trial in the aforementioned civil lawsuit, he admitted under oath that he had forged signatures on insurance fund checks and converted the money to his own use. Another of Mr. Tramonto's creditors, Rochester Savings Bank, is a judgment creditor in the amount of $5,007.40 and they allege that Mr. Tramonto became indebted to the bank as a result of fraud and that the debt arose out of a larceny for which the debtor has been convicted.

In the Fox matter, the Foxes have proposed a 42 month plan in which they will pay $250 a month. This will result in a 20% payment to their unsecured creditors. The amount available for pay out under a Chapter 7 liquidation plan would be $7,606.25 to unsecured creditors. Under their plan, the Foxes will be paying approximately $9,750 to unsecured creditors. They have a total monthly income of $1,926 with monthly expenses of $1,678.61 which seems reasonable for a family of five, husband, wife and three sons, ages 12–18.

The judgment creditors, Louis and Jean Galofaro, have objected to the good faith of the Foxes' plan claiming that their jury verdict of $31,660 came in an action for injunction, assault and intentional infliction of mental distress, private nuisance and punitive damages and this debt is not a dischargeable debt in a Chapter 7 bankruptcy.

They have an additional objection that included amongst the unsecured creditors in the Foxes list of creditors is the Foxes' attorney in the civil litigation with the Galofaros for the sum of $8,000. The Galofaros claim that because of the nature of their debt (allegedly non-dischargeable) and the inclusion of the attorney's fee, the plan in Chapter 13 is not offered in good faith.

The following questions is squarely raised by both these cases. Is a Chapter 13 plan offered in good faith if it does not include full payment for what would be non-dischargeable debts in a Chapter 7?

Chapter 13, by Congressional design, provided for a broader discharge than the discharge provided under Chapter 7. Changes were proposed by Congress to improve the situation under prior law and provide incentive for the payment of debts by persons with regular income. Under 11 U.S.C. 1328(a), the only debts not dischargeable, if a plan is completed, are alimony, taxes and long term debts continuing beyond the plan. Unsecured creditors are not permitted to veto a plan proposed by the debtor and Congress has provided for no specific percentage requirement in the payment of unsecured debts. The only limitation is that the unsecured creditors must receive more than they would in a Chapter 7 liquidation. The one exception to the broad discharge of Chapter 13 is if the debtor does not complete the plan. A hardship discharge under 11 U.S.C. 1328(b) does not discharge the debts not dischargeable under 11 U.S.C. 523(a).

The question of good faith has been addressed by this Court on two occasions. *In re Manning*, 5 B.R. 387 (Bkrtcy.1980) and *In re Bellgraph*, 4 B.R. 421 (Bkrtcy.1980). There this Court found that good faith requires the Court to examine each case on its merits and equities for such factors as the budget of the debtor, the amount the debtor can feasibly pay, the future income and payment prospects of the debtor, the amount of the outstanding indebtedness, the percentage of repayment and the nature of the debts being discharged.

In these cases, both Tramonto and Fox meet the criteria of good faith set forth in *Manning* and *Bellgraph* (supra). To force upon a debtor a requirement that they classify unsecured debts to meet some criteria of dischargeability not set forth in the law, would be a perversion of the expressed provisions of Chapter 13. It would require this Court to rewrite the law to conform to its own ideas of justice rather than the explicit provision of the Code enacted by the Congress.

In both the Tramonto and the Fox case, the imposition of classification by the Court, requiring the payment in full of certain creditor designated non-dischargeable debts as a criteria of good faith or confirmation, would change the clear meaning of the law, which provides for their discharge if the provisions of 11 U.S.C. 1328(a) are met.

The Chapter 13 plans filed by the debtors have been proposed in good faith and are confirmed and it is so ordered.