In the Matter of Kathryn M. POWELSON, Debtor.

Kathryn M. POWELSON, Plaintiff,

v.

STEWART SCHOOL OF HAIRSTYLING, INC., Defendant.

Bankruptcy No. BK82-25.
Adv. No. A82-246.

United States Bankruptcy Court, D. Nebraska.

Dec. 14, 1982.

Bruce H. Abrahamson, Omaha, Neb., for plaintiff.

Douglas E. Quinn, Omaha, Neb., for defendant.

## MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

This matter is before me upon the complaint filed by Kathryn Powelson, plaintiff, against Stewart School of Hairstyling, defendant, in which Mrs. Powelson seeks to discharge educational loans made to her by the defendant.

The evidence before me discloses that the plaintiff is a 31-year-old single individual who has two children ages 14 and 10. She is employed as a hair-stylist and has been so employed since her attendance at the school operated by the defendant. Her current employment is on a commission basis and her regular commission is 50 percent of the income she produces after deduction of $1 per customer, which deduction is made by her employer.

Her gross monthly income is approximately $490, with a net monthly income of

approximately $430.50, that figure being an average figure; she receives no public assistance nor does she receive the $165 per month which she is supposed to receive from another individual in the form of child-support payments.

Her expenses per month average in excess of $800. She owns no automobile. Her parents, in fact, assist her, not by way of money but by way of tangible economic benefits, such as the loan of an automobile and other economic advantages.

Mrs. Powelson has no job skills, other than her training as a hair-stylist, and does not have even typing skills.

The debtor's children have allergy problems and her oldest son suffers from an asthmatic condition. The evidence before me indicates those medical conditions and attendant medical expenses will continue for some time into the future.

The first basis for discharge alleged by the plaintiff is that the indebtedness is over five years old. I reject that suggestion. The statute, Section 523(a)(8)(A), requires that discharge be premised on a finding that the loan first became due before five years before the date of filing of the petition. It is true that the evidence before me discloses that the note itself which obligates Mrs. Powelson to pay the defendant money for this loan was signed more than five years before the date of the petition, but the note was not due and payable until nine months after Mrs. Powelson terminated her full-time schooling and that was within five years before the date of the filing of the petition. Accordingly, Mrs. Powelson is not entitled to discharge this debt under that statutory provision.

The more significant question arises under section 523(a)(8)(B), and there the plaintiff alleges that to cause her to repay this indebtedness would work an undue hardship upon her. This, the defendant disputes.

Initially, defendant suggests that other avenues for payment of this loan must be explored, other than simply filing for relief under the Bankruptcy Code. The defendant suggests renegotiation or deferment.

I reject the suggestion that this Court superimpose on the statute additional burdens. The statute does not explicitly state that a debtor need explore other avenues and fully exhaust them. It seems to me there is good reason for the statute not to say that.

It is always possible to speculate that there might be some way that a debtor could pay this loan if given enough time and good fortune. A moratorium of a period of years is a possibility which has been suggested in this case. It seems to me that creditors, if given the opportunity to require that, from a statute which does not say it, could push a debtor to getting a second job or a third job or could speculate that other employment might pay more, or possibly, at its worst extreme, suggest that no educational loan could ever be discharged in bankruptcy without the filing of a Chapter 13. That, it seems to me, is not what the statute contemplates.

I therefore reject the suggestion that this Court superimpose upon the statute an additional requirement under the guise of good faith.

The issue then remaining is whether the repayment of this debt by this debtor to this defendant works an undue hardship.

Clearly, the evidence discloses that it will work a hardship. As the defendant correctly points out, the focus of the inquiry is whether it would work an undue hardship on this debtor.

Defendant correctly points to the Congressional purpose which was to make educational loans not easily discharged. It seems to me that the reason for the exception from discharge of educational loans by Congress is this: When a financial institution or a school makes a loan to a student, that money is received by the student as an investment. The investment is made with a view toward increased economic productivity skills—that is, the chance of better employment. Because it is an investment and in the nature of an investment by the school or the financial institution, and because the

expectation can reasonably be said to be increased income for the student after the schooling terminates, then it is reasonable to say that the person who made the investment is entitled to repayment, even in the face of bankruptcy. The most obvious example would be the doctor who, while in medical school, borrows money to increase his economic potential, becomes a doctor and enjoys a significantly higher amount of income. It seems reasonable in that case generally to say that he should be obligated to repay that loan because it made him the doctor that he is.

■ The sad fact of the case involving this debtor, Mrs. Powelson, and this defendant, Stewart School of Hairstyling, is that the defendant, Stewart School of Hairstyling, enabled the loan to be made and Mrs. Powelson used the loan and schooling as an investment in her job skills. The fact is that it has not increased her job skills to any significant amount.

The history of her employment indicates a very low level of income and her current job pays less than her former job.

What has happened is that a loan was made to increase job skills which has not been a very good investment for Mrs. Powelson, and that is a significant factor in determining whether the repayment by this debtor to this defendant is an undue hardship. Given her level of income, which is a reflection of the investment made by the loan, I conclude that even if Mrs. Powelson had the benefit of her $165 a month, which she should receive as child support, that her income per month would not be sufficient for her to maintain her monthly expenses.

Clearly, therefore, to require her to pay the debt at this time, which is the focus of the inquiry, under the statute, works not only a hardship but an undue hardship.

I therefore conclude that this debt is discharged in this bankruptcy proceeding.

Separate judgment is entered in accordance with the foregoing which shall constitute my findings of fact and conclusions of law as required by the Federal Rules.