**In re Stanley Lewis POWELL, Marian Hermes Powell, Debtors,**

**Stanley Lewis POWELL, Marian Hermes Powell, Plaintiffs,**

**v.**

**The PEOPLE OF the STATE OF ILLINOIS ex rel., ILLINOIS STATE SCHOLARSHIP COMMISSION, Defendant.**

Bankruptcy No. 82 B 03545 Mc. Adversary No. 83 Mc 0097.

United States Bankruptcy Court, D. Colorado.

April 27, 1983.

Carl W. Gellenthien, Canon City, Colo., for debtors-plaintiffs.

Josh Hershman, Sp. Asst. Atty. Gen., for State of Ill., Chicago, Ill., for defendant.

## ORDER DETERMINING DISCHARGE-ABILITY OF A LOAN

JOHN F. McGRATH, Bankruptcy Judge.

The Plaintiffs-Debtors herein filed their petition pursuant to Chapter 13 of the Bankruptcy Code on August 15, 1982. At that time they listed an unsecured debt in the amount of $3,365.85 to the Illinois State Scholarship Commission.

Proof of Claim No. 1, against Stanley Powell, in the amount of $3,549.17 was filed on September 29, 1982, by the Illinois State Scholarship Commission, with the notation "(T)his is a nondischargeable debt. We will abide by plan until completion, then pursue for balance."

On November 10, 1982, the Debtors' Chapter 13 Plan was confirmed by this Court, which plan provided for the payment of $1.00 to each unsecured creditor. No objection to confirmation was filed by Illinois State Scholarship Commission or any other creditor. Subsequently, on January 14, 1983, the attorney for the Debtors filed a Complaint to determine dischargeability of the debt to the Illinois State Scholarship Commission. Trial was set for February 17, 1983, and the matter was argued before the Court. The matter was taken under advisement.

This Court asserts jurisdiction under General Procedure Order No. 1983–1, promulgated by the United States District Court for the District of Colorado. This order conveys authority to the bankruptcy judges of the district to act in bankruptcy cases and proceedings until Congress enacts appropriate remedial legislation or until March 31, 1984, whichever occurs first.

This is done pursuant to 11 U.S.C. § 105, §§ 404 and 405 of the Bankruptcy Reform Act of 1978, Rules 53 and 83 of the Federal Rules of Civil Procedure and Rule 512 of the Rules of Bankruptcy Procedure.

The Court also notes that the State of Illinois has voluntarily filed in this Court their Proof of Claim against the Debtors' estate, thereby acknowledging the jurisdiction of this bankruptcy court. *Barringer v. Lilley,* 96 F.2d 607 (9th Cir.1938); *In re Idak Corp.,* 19 B.R. 765 (Bkrtcy.Mass.1982).

■ The State of Illinois suggests proper venue in this matter is in Illinois pursuant to Colorado Rules of Civil Procedure Rule 98(c). We do not agree. As provided in 28 U.S.C. § 1473(a)

(a) Except as provided in subsections (b) and (d) of this section, a proceeding arising in or related to a case under title 11 may be commenced in the bankruptcy court in which such case is pending.

The two mandatory exceptions to venue in the Court where the Chapter 11 case is commenced are:

§ 1473

(b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to *recover a money judgment* of or property worth less than $1,000 *or a consumer debt* of less than $5,000 only in the bankruptcy court for the district in which a defendant resides. (Emphasis added.)

(d) A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a *claim arising after the commencement of such case from the operation of the business of the debtor* only in the bankruptcy court for the district where a state or federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought. (Emphasis added.)

Neither of these exceptions apply to the proceeding before us, which involves the Debtor asking for the determination of the dischargeability of a debt. As discussed in 5 Collier on Bankruptcy, ¶ 3.02(e), subsection 1473(a) also covers suits by the debtor. The legislative intent of 1473 was clearly to give venue to the bankruptcy court where the title 11 case is pending for proceedings arising under or related to cases under title 11. H.Rep. No. 595, 95th Cong. 1st Sess. 446 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. Although the language used in this section is permissive, the intent of Congress was that administrative matters may only be heard in the bankruptcy court where the title 11 case is pending, even though such matters may be contested, as evidenced by the House Report:

> Though these venue provisions are phrased in broad terms, with respect to administrative matters in a case they generally will not apply. The bankruptcy court in which the case is filed ("pending" would have been the appropriate word) will hear those matters. H.Rep. No. 595, 95th Cong. 1st Sess. 446 (1977), U.S.Code Cong. & Admin.News, p. 6402. 5 Collier on Bankruptcy at 3–167.

Collier's goes on to state that the distinction between administrative matters and civil proceedings is not always clear but cites examples such as a creditor's objection to discharge, the contest of an involuntary petition, a contest over fees, etc. The Collier discussion states that matters such as the litigation over a discharge or whether or not a plan should be confirmed are so tied up with the administration of the case that they should only be heard where the matter is pending. Collier at 3–169.

The question of whether the Debtor, Stanley Powell, should be granted a discharge from this debt to the Illinois State Scholarship Commission is similar to the instances cited above. Whether or not a debtor should be discharged from a particular debt is an administrative matter which should be decided by the bankruptcy court wherein the Chapter 13 case is pending.

We therefore find that this Court has jurisdiction and venue over this matter.

Normally we would look to the law of the forum state to determine the choice of law rules governing the interpretation of a contract. Colorado's choice of law rule is correctly cited in Defendant's brief.

> The forum state was Colorado and there the place where the contract was made governs its nature, validity and interpretation (cites omitted.) *Mr. Steak, Inc. v. River City Steak, Inc.,* 460 F.2d 666, 668 (10th Cir.1972)

The contract in question was made in the State of Illinois. Therefore, the law of the State of Illinois governs. That state has the following statute concerning such a contract:

> The Commission shall upon the filing and completion of the requirements for the "adjustment of Debts of an individual with Regular Income"; pursuant to Title 11, Chapter 13 of the United States Code, proceed to collect the outstanding balance of the loan guaranteed under this Act. Educational loans guaranteed under this Act shall not be discharged by the filing of the "Adjustment of Debts of an Individual with Regular Income," unless such loan first became due before five years, exclusive of any applicable suspension period, before the filing of the petition; or excepting such debt from discharge will impose an undue hardship on the debtor and the debtors dependents. Ill.Rev.Stat. 1981, Ch. 122, ¶ 30–15.12.

The loans were entered into on December 26, 1975 and July 1, 1976, and were due on October 30, 1980, or "within five months after the debtor ceased being at least a half-time student at an Eligible Education Institution", whichever occurred first. It appears from the Debtors' filed Chapter 13 Statements that Stanley Powell became self-employed, operating a Gambles retail hardware store in Canon City, Colorado beginning on January 12, 1979. Having no other evidence to consider in this regard, we conclude that at that time Stanley Powell was no longer a full-time or part-time student. Under the terms of the contract the loan thus became due five months from that date, or June 12, 1979. Under 11 U.S.C. § 523(a)(8)(A) a clause similar to the Illinois statute is used and applies to the dischargeability of educational loans in a discharge under §§ 727, 1141 or 1328(b). The time the loan first becomes due and owing is the date to be used in determining when the five year period begins to run. *In re Matter of Powelson,* 25 B.R. 274 (Bkrtcy. Neb.1982); *In re Brinzer,* 21 B.R. 545 (Bkrtcy.W.Va.1982). We therefore conclude that these loans were not due before five years of the filing of the petition.

The State of Illinois proposes to proceed for the remaining balance on the student loan, which they state is a "non-dischargeable" debt, after the Chapter 13 plan is completed. Section 11 U.S.C. § 1322(b) provides

> 1322(b) Subject to subsections (a) and (c) of this section, the plan *may*—(emphasis added)
>
> (5) (N)otwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;

This section arguably could include payments to an unsecured debt on an educational loan, if the payments would extend beyond the Plan payments. However, as pointed out by the Court in the matter of *In re Smith,* 8 B.R. 543 (Bkrtcy.Utah 1981), section 1322(b)(5) is permissive and not mandatory. In *Smith,* Utah Technical College, creditor, objected to the discharge of its student loan debt, as well as to the confirmation of the Debtor's Chapter 13 plan, and argued that 1322 required the debtor to pay this debt. Looking at the words of the statute and its legislative history, the Court in *Smith* found

> Not all long term debts are entitled to be excepted from discharge as the college contends but only those debts which the Debtor wishes to continue treating as long-term debts. The Court has no power to force the Debtor to treat any specif-

ic debt as long-term as a condition to confirming its plan.  Id at 547.

However, neither of the above is pertinent to this matter as we feel this state statute is invalid under the Supremacy Clause, United States Constitution, Article VI, Cl. 2.

The State of Illinois argues that only state laws which conflict with the bankruptcy laws are suspended and since the statute is silent with regard to whether the remaining balance of student loans may be proceeded upon after completion of payments under the Chapter 13 Plan, there is no conflict.

■ In determining the constitutional question of whether a state statute is in conflict with a federal statute

As early as *Gibbon v. Ogden,* 9 Wheat. 1, 6 L.Ed. 23 (1824) Chief Justice Marshall stated the governing principle—that "acts of the State Legislatures . . . (which) interfere with, or are contrary to the laws of Congress, made in pursuance of the constitution," are invalid under the Supremacy Clause.

.    .    .    .    .    .

". . . (i)n the final analysis", our function is to determine whether a challenged state statute "stands as an obstacle to the accomplishment and execution of the full purposes and objective of Congress." (Citing Mr. Justice Black from *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941)  Since *Hines* the Court has frequently adhered to this articulation of the meaning of the Supremacy Clause.  *Perez v. Campbell,* 402 U.S. 637, 649, 91 S.Ct. 1704, 1711, 29 L.Ed.2d 233 (1971).

In *Perez* the Court examined an Arizona statute which required suspension of an individual's driver's license if there existed an outstanding judgment from an auto collision.  The statute was explicitly applicable to an outstanding judgment which had been discharged in bankruptcy.  The Supreme Court found this Arizona statute to be invalid under the Supremacy Clause.  The lower courts had relied on two earlier deci-

sions:  *Kesler v. Dept. of Public Safety,* 369 U.S. 153, 82 S.Ct. 807, 7 L.Ed.2d 641 (1962) and *Reitz v. Mealey,* 314 U.S. 33, 62 S.Ct. 24, 86 L.Ed. 21 (1941).  These two cases looked at the purpose of the statute rather than examining if the effect of the state statute frustrated a federal purpose.  The Court in *Perez* found

Thus, we conclude that *Keslar* and *Reitz* can have no authoritative effect to the extent they are inconsistent with the controlling principle that any state legislation which frustrates the full effectiveness of federal law is rendered invalid by the Supremacy Clause.  Id. 91 S.Ct. at 1712.

■ The effect of the Illinois statute would be to saddle the Chapter 13 Debtor with a non-dischargeable debt when there is an amount due on an educational loan.  Is this in contradiction and frustration of Congress' policy in this matter?  The State of Illinois contends that it was a Congressional oversight to allow educational loans to be discharged under Chapter 13 plans while they are not normally discharged under a Chapter 7 bankruptcy.

The question of whether Congress intended to except student loans from discharge in Chapter 13, or whether this was a mistake or omission is thoroughly addressed and analyzed in the matter of *In re Smith,* referred to above.  In tracing the legislative history and Congressional debates in this matter, the Court convincingly points out that Congress clearly intended to provide a broader discharge in Chapter 13 than in Chapter 7.  Congress wished to encourage debtors to choose a Chapter 13 Plan wherein at least partial payment might be made rather than nearly certain non-payment under a straight bankruptcy.  The broad discharge was used as an incentive to encourage the debtor to attempt to repay debts with property as well as from future income.  The broad discharge under 1328(a) is only available when the Chapter 13 plan is fulfilled.  This is in contrast with the hardship discharge under 1328(b) which places the debtor on the same footing as a debtor discharged in Chapter 7.  Finally,

Judge Mabey points out that there were numerous debates by Congress dealing specifically with the subject of student loans and whether they should be found nondischargeable at all. The issue was thoroughly discussed and considered so the fact that these loans are not excepted from a discharge under 1328(a) is not a mistake or omission.

In another case looking at the intent of Congress in passing Section 1328(a), a bankruptcy court stated:

> Chapter 13, by Congressional design, provided for a broader discharge than the discharge provided under Chapter 7. Changes were proposed by Congress to improve the situation under prior law and provide incentive for the payment of debts by persons with regular income. Under 11 U.S.C. § 1328(a), the only debts not dischargeable, if a plan is completed, are alimony, taxes and long-term debts continuing beyond the plan. *In re Tramonto,* 23 B.R. 464, (Bkrtcy.W.D.N.Y., 1982).

This Court might point out that it also would seem unlikely that Congress would make matching mistakes and omissions. This matter is dealt with in two sections. Section 523(a) specifically mentions 727, 1141 or 1328(b) with regard to exception to discharge of an educational loan, under 523(a)(8). In Section 1328(a) a discharge is to be granted on all debts except: (1) 1322(b)(5) (*permissive* section allowing a plan to cure a default and maintain payments on a secured or unsecured claim on which the last payment is due after the final payment under the plan); and (2) 523(a)(5) (dealing with alimony and child support.)

An earlier decision from a federal bankruptcy court in Mississippi also found that the clear intent of Congress was to grant a greater scope of discharge to Chapter 13 debtors and that therefore federally insured student loans are dischargeable when the Debtor makes all the payments provided for by the plan pursuant to subsection 1328(a). *Matter of Eichelberger,* 6 B.R. 705 (Bkrtcy. S.D.Miss.1980).

We therefore find that the Illinois statute would conflict with and frustrate the policy of Congress in passing 11 U.S.C. § 1328(a), and is thus invalid under the Supremacy Clause of the United States Constitution.

This Court therefore orders that the debt of Stanley Powell to the State of Illinois Scholarship Commission, evidenced by Claim No. 1, is discharged in the event the Debtors complete payments under the confirmed plan and a discharge is issued pursuant to section 1328(a).