In re Frank D. STEWART a/k/a Franklin D. Stewart, Debtor.

In re Terry L. BAKER, Debtor.

Bankruptcy Nos. 85–20536, 85–20654.

United States Bankruptcy Court, W.D. New York.

Aug. 20, 1985.

George Reiber, Rochester, N.Y., Chapter 13 trustee.

Alan L. Offen, Rochester, N.Y., for Frank D. Stewart.

Kenneth B. Mason, Rochester, N.Y., for Terry L. Baker.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The subject Chapter 13 cases are cases in which confirmation has been reserved because of a problem arising out of the debtor's classification of unsecured debts. In each case, the debtor has made nondischargeable child support payments a separate class from the other unsecured debts. The question presented in both cases is such a classification permissible.

The facts are as follows. In the matter of Baker, the plan calls for the payment of $130 bi-weekly by wage order. There is a total indebtedness of $11,569. The plan calls for the payment of a priority class for attorney's fees in the amount of $750 and the remaining debt, which is all unsecured, is divided into three classes. The first class contains the unsecured debt on which there is a co-debtor in the amount of $4,274. The second class is unsecured child support payments in the amount of $3,319. The third class is made up of the remaining unsecured creditors. Over a three year period, the plan proposes to pay the first two classes 100% and to pay the third class of unsecured creditors 20%.

In the Stewart matter, the debtor proposes to pay $140 a month for five years on $13,568 of unsecured debts. Class 1 consists of an unsecured child support judgment in the amount of $8,525.43. The balance of the unsecured creditors are set out as Class 2. The plan provides for the payment of a $200 attorney fee as a priority claim. It proposes to pay Class 1 86% of its debt. The remaining class of unsecured creditors are to be paid nothing.

The classification in the Terry Baker case of the debt owed to the co-debtor is permissible under 11 U.S.C. § 1322(b)(1).[1]

The real question in both these cases is whether or not the debtors may classify

---

1. 11 U.S.C. § 1322(b)(1)
   (b) Subject to subsections (a) and (c) of this section, the plan may—
   (1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor is an individual is liable on such consumer debt with the debtor differently than other unsecured claims;

nondischargeable child support payments separately from the other unsecured creditors and pay them a disproportionate share of the estate.

Title 11 U.S.C. § 1322(a)(3) provides as follows:

(a) The plan shall—

(3) if the plan classifies claims, provide the *same treatment* for each claim within a particular class. (emphasis added)

11 U.S.C. § 1122(a) and (b) provides as follows:

(a) Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is *substantially similar* to the other claims or interests of such class. (emphasis added)

(b) A plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience.

■ The right to classify claims is contained in the above sections of the Code. If a plan classifies a claim, it must provide the same treatment to each claim within a particular class. They may not discriminate unfairly against any class designated and a claim may be placed in a particular class only if such claim or interest is substantially similar to the other claims of that class.

As Bankruptcy Judge Creahan, from our District, said in *In re John A. McKenzie*, 4 B.R. 88, 6 BCD 19, page 21:

" . . . It is difficult to imagine any classification of unsecured creditors which would not discriminate against some class in one manner or another. Classification in itself would seem to denote discrimination. The crux of the issue, however, is unfair discrimination. . . ."

This Court has held improper, the debtor's proposed classification of unsecured claims, into two classes with a debt cosigned by one of the debtor's sisters to be paid 100% on the dollar, while separately classed unsecured claims were to be paid little or nothing, *In re Utter*, 3 B.R. 369. The thinking in the *Utter* case was supported by a number of Chapter 13 cases: *In re Curtis*, 2 B.R. 43, 5 BCD 1214, *In re Blevins*, 1 B.R. 442 and *In re Tatum*, 1 B.R. 445.

■ The change in 11 U.S.C. § 1322,[2] which legislates a special class of unsecured claims where there is a co-debtor on a consumer debt, shows that Congress, if it wants to, can exempt a debtor from the requirements of providing the same treatment to each claim of a particular class but absent such a legislative action, the classification of nondischargeable unsecured debt into a special class provides unfair discrimination against parties who have substantial similar claims, e.g. unsecured claims.

■ Therefore, the plan as proposed by Mr. Baker and by Mr. Stewart will not be confirmed by this Court unless the unsecured child support payments are treated the same as the other unsecured creditors. The debtors may have two weeks from the date of this Order to propose a modified plan which will conform with this Order or the plan proposed is not confirmed.