**In re Mark G. and Jean JOHNSON, Debtors.**

**Bankruptcy No. 86–20771.**

United States Bankruptcy Court, W.D. New York.

Feb. 9, 1987.

Lawrence A. Perot, Batavia, N.Y., for debtors.

Ronald J. Mendrick, Rochester, N.Y., for McCurdy & Co.

George Reiber, Rochester, N.Y., Chapter 13 trustee.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

In this Chapter 13 case, confirmation of the debtors' plan has been delayed because of a dispute involving the classification of unsecured claims.

On June 11, 1986, the debtors, Mark and Jean Johnson, filed a joint petition and Chapter 13 plan. The plan proposed to pay the Johnsons' unsecured creditors a dividend of fifteen percent. On July 31, 1986, an unsecured creditor, McCurdy and Company (McCurdy), filed an objection to confirmation of the plan. On August 13, 1986, a confirmation hearing was held pursuant to 11 U.S.C. § 1324 and counsel for McCurdy appeared to object. The decision on confirmation was withheld pending a ruling on the McCurdy objection. Before the Court could rule, however, the debtors filed the amended plan now in dispute. The amended plan proposes to pay unsecured creditors a dividend of fifteen percent and McCurdy a dividend of one hundred percent. The debtors and McCurdy have each submitted a brief supporting confirmation of the plan as amended. The Chapter 13 trustee, George Reiber, has submitted a brief opposing confirmation because the amended plan classifies the McCurdy claim separately from other unsecured claims and gives it more favorable treatment.

The facts of the case are these. On May 20, 1986, the balance due on two credit accounts that the debtor, Mark Johnson, had with McCurdy was $707.21. The debtor purchased a stereo system from McCurdy on May 25, 1986, and charged $231.95. The debtor purchased a television from McCurdy on May 26, 1986, and charged $818.52. Additional purchases made on or about those dates resulted in an aggregate balance being due McCurdy of $2,002.05. In all, $1,294.84 was charged by the debtor in the eighteen day period preceding the June 11, 1986 bankruptcy filing. It is this portion of the outstanding balance due McCurdy that the debtors seek to treat separately under their Chapter 13 plan.

The question squarely presented is whether the debtors may treat $1,294.84 of the McCurdy consumer credit obligation, nondischargeable under § 523(a)(2) of the Bankruptcy Code,[1] more favorably than other unsecured claims.

---

1. Section 523(a)(2) states in pertinent part:
   § 523. Exceptions to discharge.
   (a) A Discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
   (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
   (C) for purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $500 for "luxury goods or services" incurred by an individual debtor on or within forty days before the order for relief under this title, or cash advances aggregating more than $1,000 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within twenty days before the order for relief under this title, are presumed to be nondischargeable: "luxury goods or services" do not include goods or services reasonably acquired for the support or maintenance of the debtor or a dependent of the debtor ...;

■ The debtors' plan proposes to distribute their available monthly income so that McCurdy will receive a one hundred percent dividend while other unsecured creditors receive a fifteen percent dividend. The trustee argues that this arrangement is an improper classification under 11 U.S.C. § 1322(b)(1). That provisions states:

§ 1322. Contents of plan.

(b) ... the plan may—

(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated, however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims; ....

11 U.S.C. § 1322.

Section 1122, referred to in the language of section 1322, reads:

§ 1122. Classification of claims or interests.

(a) Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class.

(b) A plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience.

11 U.S.C. § 1122.

Section 1122(a) specifies that "substantially similar" claims may be classed together. It does not require that all similar claims be grouped together, but only that each group created be homogenous. *See* 5 Collier on Bankruptcy. Here, the two groups of unsecured claims classified by the debtors are homogenous. The first group consists of the McCurdy claim which alone is nondischargeable in Chapter 7. 11 U.S.C. § 523(a)(2), *see* note 1 *supra*. The second group consists of all other general unsecured claims, fully dischargeable in Chapter 7. Thus, each group of unsecured claims classified by the debtors' amended plan satisfies the homogeneity requirement of § 1122(a). Despite its designating homogeneous classes, the debtors' plan should not be confirmed.

■ Section 1322(b)(1) of the Code permits a Chapter 13 plan to designate homogeneous classes of unsecured claims, but requires that any class so designated not be "unfairly discriminated against...." The critical question in this case is not whether the debtors may treat unsecured claims differently, but rather whether the different treatment proposed rises to the level of unfair discrimination.

No clear consensus has been reached among Bankruptcy Courts regarding unfair discrimination, and there is no authoritative ruling on the subject in this Circuit. Some difference in the treatment of unsecured claims must have been contemplated by Congress, or the provision for classifying claims under § 1322(b)(1) would be purposeless. As Bankruptcy Judge Creahan, of this District, observed,

"... It is difficult to imagine any classification of unsecured creditors which would not discriminate against some class in one manner or another. Classification in itself would seem to denote discrimination. The crux of the issue, however, is unfair discrimination...."

*In re Stewart*, 52 B.R. 281 at 283 (Bkrtcy. W.D.N.Y.1985), *citing In re McKenzie*, 4 B.R. 88 (Bkrtcy.W.D.N.Y.1980).

It is argued that the classification proposed by the debtors does not unfairly discriminate because confirmation of the plan, requiring good faith under Code § 1325(a)(3), could not be achieved unless the nondischargeable McCurdy debt be paid in full. The debtors and McCurdy reason that the plan cannot satisfy the requirement of good faith should it fail to fully pay the McCurdy debt. The question of good faith has been addressed by this

Court several times. *In re Bellgraph*, 4 B.R. 421 (Bkrtcy.W.D.N.Y.1980); *In re Manning*, 5 B.R. 387 (Bkrtcy.W.D.N.Y. 1980); and *In re Tramonto*, 23 B.R. 464 (Bkrtcy.W.D.N.Y.1982). Never has good faith been viewed as rigidly requiring the repayment of specific types or percentages of claims. Instead, the principle has been advocated that good faith turns on an amalgam of factors including, but not limited to, the debtors' budget and future income, the amount of the outstanding indebtedness, the percentage of repayment proposed, and the nature of the debts being discharged. Under the facts of this case, good faith is evaluated by examining the amounts proposed by the debtors for repayment to each class of unsecured claims in light of the rationale for separate classification. An eighty-five percent differential in the amount paid each class, based on the McCurdy claim being nondischargeable in Chapter 7, is unfairly discriminatory.

This Court has consistently approved the rule that unsecured claims in Chapter 13 be classed together. A dim view has been taken of attempts to classify unsecured claims separately. *See e.g. In re Frank Tramonto*, 23 B.R. 464 (Bkrtcy.W.D.N.Y. 1982) (confirming the debtor's Chapter 13 plan over the objection of creditors whose claims, representing debts potentially nondischargeable under §§ 523(a)(4) and 523(a)(6), were not classified separately from other general unsecured claims). In the case of *In re Frank D. Stewart*, 52 B.R. 281 (Bkrtcy.W.D.N.Y.1985) (denying confirmation of a Chapter 13 plan which proposed to treat differently from other general unsecured claims the debtor's nondischargeable child support obligations), the Court stated that, "the classification of nondischargeable unsecured debt into a special class provides unfair discrimination against parties who have substantial[ly] similar claims, [i.e.] unsecured claims." 52 B.R. 281 at 283. Between the claims de-

nied special treatment in *Tramonto* and *Stewart* and the McCurdy claim there is no distinction so alarming as to now require approval of the separate classification proposed by the debtors' amended plan. Absent a legislative directive to the contrary, the McCurdy claim does not deserve special recognition. Where Congress has seen fit to recognize claims for special treatment, it has legislated accordingly.[2] As discussed in *Tramonto, supra*,

> To force upon a debtor a requirement that they classify unsecured debts to meet some criteria of dischargeability not set forth in the law, would be a perversion of the expressed provisions of Chapter 13. It would require this Court to rewrite the law to conform to its own ideas of justice rather than the explicit provisions of the Code enacted by the Congress.

23 B.R. 464 at 466.

This Court has refrained from engaging in judicial legislation in the past and declines the invitation of the debtors and McCurdy to do so now.

Because the debtors' plan as amended "unfairly discriminates" against general unsecured creditors, it is violative of § 1322(b)(1). Accordingly, the plan will be denied confirmation unless and until the McCurdy obligation is treated equally with the claims of the other unsecured creditors and it is so ordered.

---

**2.** In 1984, 11 U.S.C. § 1322(b) was amended. The amendment permits "debts guaranteed by an individual [co-signed consumer debts] to be treated differently in a plan from other unsecured debts." 11 U.S.C. § 1322, Collier Pamphlet Edition Comment 1984 Amendments.