**In re Robert Lee HOSLER, aka: Bob Hosler, Rose Marie Hosler, aka: Rose M. Hosler, Debtors.**

**Bankruptcy No. 2–81–01723.**

United States Bankruptcy Court, S. D. Ohio, E. D.

June 29, 1981.

Brian L. Trotier, Columbus, Ohio, for Ohio State University Student Aid Accounting Office.

Nora E. Jones, Laborers' Local 423 Legal Service, Columbus, Ohio, for debtors.

Frank Pees, Worthington, Ohio, trustee.

## ORDER ON OBJECTION TO CONFIRMATION

R. J. SIDMAN, Bankruptcy Judge.

The Ohio State University Student Aid Accounting Office ("Ohio State"), a creditor of the Chapter 13 debtors, has objected to confirmation of the debtors' jointly proposed plan on the basis that it purports to give preference to a certain class of unsecured creditors contrary to the standard set forth in § 1322(a)(3) and (b)(1) of the Bankruptcy Code. Ohio State additionally claims that the plan has a proposed duration of less than one year. The latter claim is factually incorrect and is not supported by the record. The Court, thus, overrules this ground for objection.

The subject of classification of claims has been difficult and ongoing in the Chapter 13 setting. See Vihon, *Classification of Unsecured Claims: Squaring the Circle?*, 55 Am.Bankr.L.J. 143 (1981). This Court had taken a position shortly after the enactment of the Code that several types of classifications were unlawful under the new Bankruptcy Code. See *In re Blevins*, 1 B.R. 442 (Bkrtcy.S.D.Ohio 1979); *In re Fizer*, 1 B.R. 400 (Bkrtcy.S.D.Ohio 1979); and *In re Tatum*, 1 B.R. 445 (Bkrtcy.S.D.Ohio 1979). Subsequent cases have, under certain circumstances, permitted a classification of claims in the Chapter 13 setting. See *In re Hill*, 4 B.R. 694, 6 B.C.D. 568 (Bkrtcy.D.Kan. 1980) and *In re Southerland*, 3 B.R. 420, 6 B.C.D. 13 (Bkrtcy.W.D.Ark.1980). Both

*Hill* and *Southerland* dealt with the classification of medical claims.

Robert Lee and Rose Marie Hosler, the Chapter 13 debtors, propose to classify claims in their Chapter 13 plan by making a 100% payment on the unsecured claims held by Dr. Bass and Dr. McCall, medical doctors involved with ongoing treatment of members of the debtors' family, and a 20% payment on all other unsecured claims, including another medical claim.

The case of *In re Dziedzic*, 9 B.R. 424, 7 B.C.D. 497 (Bkrtcy.S.D.Tex.1981), provides some insight into the evolving standards with respect to the classification of claims problem. Such standards appear to be four-fold: (1) whether the discrimination has a reasonable basis; (2) whether the debtor can carry out a plan without such discrimination; (3) whether such discrimination is proposed in good faith; and (4) the treatment of the class discriminated against. See, *In re Dziedzic*, 9 B.F. 424, 7 B.C.D. at 499 (Bkrtcy.1981). The subjective test to be applied, on a case-by-case basis, is whether or not the discriminatory treatment is fair or unfair. This subjective standard is set forth in the statute itself.

"(a) The plan shall—

\* \* \* \* \* \*

(3) if the plan classifies claims, provide the same treatment for each claim within a particular class.

(b) Subject to subsections (a) and (c) of this section, the plan may—

(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not *discriminate unfairly* against any class so designated;" 11 U.S.C. § 1322 (emphasis added).

The provisions of § 1122 further provide:

"(a) Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class.

(b) A plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience." 11 U.S.C. § 1122

The classification chosen by the debtors in this case is not one of "administrative convenience." The classification chosen is one that is meant to benefit certain creditors who are expected to continue to provide services to the debtors in the future. It has, however, been admitted by the debtors that they have no reason to believe that those preferred creditors, medical doctors in this case, would refuse to continue to treat the debtors' family members without such preferred treatment. In other words, there is no evidence in the record that the debtors could not carry out this plan without the discrimination proposed, thus the classification proposed fails one of the tests set forth in the *Dziedzic* case, *supra*.

■ The classification chosen by these debtors is understandable. Rarely, if ever, do debtors consider all of their creditors to be on equal footing, if not from a legal basis, at least from the basis of an emotional or moral commitment. Family members, personal physicians, and even finance institutions enjoying a long-standing personal relationship with debtors may all qualify as creditors that debtors would like to prefer in a Chapter 13 plan. The Court believes, however, that the lawful classification of claims in a Chapter 13 setting involves more than just the personal preference of a debtor—it involves a justification by the debtor based on reason and fairness, especially in the face of an objection from creditors who are not in the preferred class.

■ In the present case, the debtors have failed to establish that the discriminatory treatment proposed to certain unsecured creditors is justified as reasonable and fair. There has been no showing that the classification is necessary to carry out the Chapter 13 plan, there is another medical claim not benefiting from the classification, thus calling the fairness of the classification into question, and the discrimination is significant, 20% versus 100%. The Court hereby finds that the objection to confirmation

filed by the Ohio State University Student Aid Accounting Office is meritorious and it is hereby granted. Confirmation of the presently proposed Chapter 13 plan of these debtors is hereby denied.

The debtors shall have ten (10) days from the date of this Order to propose an amended plan or take such other action in this proceeding as may be appropriate.

IT IS SO ORDERED.