**In re Janet O. DAVIS, Debtor.**

**Bankruptcy No. 2–88–06471.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

June 7, 1989.

---

Waymon B. McLeskey II, Michael J. Barren, Porter, Wright, Morris & Arthur, Columbus, Ohio, for Huntington.

Robert H. Farber, Jr., Columbus, Ohio, for debtor.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

## ORDER ON OBJECTION TO CONFIRMATION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon the objection to confirmation filed by the Huntington National Bank ("Huntington"). Huntington contends the amended Chapter 13 plan filed by debtor Janet O. Davis violates 11 U.S.C. § 1322(b)(1) and is therefore not confirmable under 11 U.S.C. § 1325(a)(1).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this district. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) which this bankruptcy judge may hear and determine.

### Preliminary Facts

For purposes of the hearing on Huntington's objection to confirmation, the parties stipulated to the following facts:

1. On August 18, 1988, the debtor and Brian K. Green executed and delivered to Huntington a personal loan agreement in the original principal amount of $8,534.08 ("Note 1"). Brian K. Green is the debtor's son.

2. As security for the repayment of Note 1, Brian K. Green granted to Huntington a security interest in a 1988 Mazda B2200 pick-up truck. Huntington's security interest was perfected by notation on Ohio Certificate of Title No. 253620701. Brian K. Green is the sole titled owner of the truck.

3. Payments on the truck are current. The outstanding balance on Note 1 is $8,032.38. The value of the truck is less than the outstanding balance on Note 1.

4. On January 29, 1987, the debtor and Elwood J. Davis executed and delivered to Huntington a personal loan agreement in the original principal amount of $23,903.00 ("Note 2"). Elwood J. Davis is the debtor's husband.

5. As security for the repayment of Note 2, on January 29, 1987, Elwood J. Davis executed and delivered to Huntington a security agreement, granting to Huntington a security interest in a 1984 Chris Craft boat. Huntington's security interest was perfected by notation on Ohio Certificate of Title No. 250150288. Elwood J. Davis is the titled owner of the boat.

6. Note 2 is in default. Now due and owing on Note 2 is the sum of $23,440.67, as of January 11, 1989. The value of the boat is less than the outstanding balance on Note 2.

7. Elwood J. Davis filed a petition in bankruptcy pursuant to 11 U.S.C. Chapter 7 on January 11, 1989, being Case No. 2-89-00203 in the United States Bankruptcy Court, Southern District of Ohio, Eastern Division. Elwood J. Davis served a statement of intention indicating he intends to surrender the boat to Huntington.

### Discussion

As filed, the debtor's plan proposes a dividend to general unsecured creditors of fifty per cent (50%). However, the plan provides that the unsecured co-signed obligations to Huntington will receive a dividend of only five (5) per cent. Huntington contends that such classification of its unsecured claims is discriminatory and, therefore, is in violation of 11 U.S.C. § 1322(b)(1). Conversely, the debtor submits that the separate classification and treatment of Huntington's unsecured co-signed claims are permissible under § 1322(b)(1).

The pertinent part of § 1322 provides as follows:

(b) Subject to subsections (a) and (c) of this section, the plan may—

(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not

discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims; ...

The debtor asks this Court to strictly construe that language. According to the debtor, the use of the word "differently" permits discriminatory treatment of co-signed debts. The debtor rejects the contentions that "differently" was intended solely to mean "better". *Compare with In re Dondero*, 58 B.R. 847 (Bankr.D.Or.1986) (the Court held that the "different" treatment provided under § 1322(b)(1) permits the debtor to pay only a higher dividend).

This Court rejects the debtor's argument. Neither the legislative history nor the reported case law interpreting § 1322(b)(1) supports the debtor's position. The legislative purpose of the co-signer provision contained in § 1322 is to permit preferential treatment of co-signed claims under certain circumstances. Without such classification the desire to satisfy, outside the plan, co-signed obligations held by relatives and friends would hamper a debtor's chances of successfully completing his or her plan. *See In re Diaz*, 97 B.R. 903 (Bankr.S.D. Ohio 1989). Finally, while § 1322(b)(1) permits discrimination against general unsecured claimants to protect a debtor's co-signors, this Court's reading of § 1322(b)(1) does not reveal any intent or purpose to prefer general unsecured creditors over those holding co-signatures.

Based upon the foregoing, the Huntington's objection to confirmation should be, and is hereby, SUSTAINED. The debtor shall have twenty (20) days from the entry of this order to take whatever action may be appropriate to place the Plan in a posture for confirmation. If no such action is taken, the Court shall dismiss this case.

IT IS SO ORDERED.