**In re Robert L. RIGGEL, Jr. Debtor.**

**Bankruptcy No. 2–91–06521.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

April 3, 1992.

Ric Daniell, Columbus, Ohio, for debtor.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio.

## OPINION AND ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the requested confirmation of a Chapter 13 plan proposed by debtor Robert L. Riggel, Jr. The Court has jurisdiction in this matter under 28 U.S.C. § 1334 and the General Order of Reference previously issued in this district. This is a core proceeding

which this bankruptcy judge may hear and decide. 28 U.S.C. § 157(b)(2)(L).

## I. *The Terms of the Proposed Plan*

The debtor's plan, as amended, proposes to pay $744.80 each month to the Chapter 13 trustee for payment in full of allowed secured claims. Although the plan is not a model of clarity, it appears to classify unsecured claims into eight, and perhaps nine, classes. Those classes do not explicitly appear on the face of the plan. The treatment for each class is as follows:

1. obligations given priority under 11 U.S.C. § 507(a): to be paid 100%;

2. co-signed debts: to be paid 100%;

3. previously issued checks returned for insufficient funds: to be paid 100%;

4. rental arrearage to the Debtor's landlord: to be paid at 17%;

5. Ohio Bell Ameritech: to be paid nothing;

6. Mellon Mortgage: to be paid by a third party;

7. a lease obligation to Byers Leasing: to be assumed, brought current, and thereafter paid by the Debtor directly;

8. all other general unsecured obligations: to be paid 17%; and,

9. disputed child support arrearages and certain related attorney fees: to be paid as general unsecured debts, presumably at the 17% dividend.

## II. *Issue Presented*

The issue before the Court is whether the classification and treatment proposed by the debtor for each class of unsecured claims is permissible under 11 U.S.C. §§ 1322(a)(3) and (b)(1).

## III. *Discussion And Conclusions of Law*

### A. Treatment of Separate Classes

The classification of unsecured claims in a Chapter 13 plan is governed by 11 U.S.C. §§ 1322(a)(3) and (b)(1). Those provisions state:

(a)(3) if the plan classifies claims, provide the same treatment for each claim within a particular class.

(b) Subject to subsections (a) and (c) of this section, the plan may—

(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently then other unsecured claims.

11 U.S.C. § 1322(a)(3) and (b)(1).

The debtor's plan appears to provide the same treatment for each member of the classes described. The harder issue, therefore, is whether the treatment of particular classes discriminates unfairly against other classes not so favorably treated.

■ Any classification of unsecured claims must pass a test of fairness unless that classification involves consumer debts for which co-signers were obtained. *See Nelson v. Easley (In re Easley)*, 72 B.R. 948, 956 (Bankr.M.D.Tenn.1987). Unlike Chapter 11, unsecured creditors in Chapter 13 are not afforded an opportunity to vote. Further, unless their claims are unusually large, such creditors generally lack economic incentive to object to confirmation of a low dividend plan. Therefore, the primary burden for scrutinizing the differing treatment of separately classified unsecured claims in Chapter 13 falls, first on the Chapter 13 trustee, and then on the court.

■ The tests used to determine whether a proposed classification "discriminates unfairly" require the debtor, as the proponent of the plan, to establish that the circumstances of the favored classes justify both the proposed treatment and the discriminatory impact on less favored classes. Factors to be considered in this analysis include:

1. Whether the discrimination has a reasonable basis;

2. whether the debtor can carry out the plan without such discrimination;

3. whether the classification is proposed in good faith; and

4. the nature of the treatment of the class discriminated against.

*In re Hosler*, 12 B.R. 395, 396 (Bankr. S.D.Ohio 1981).

The first inquiry is whether a debtor has established a "reasonable basis" for the classification. If that inquiry is not resolved in the debtor's favor, analysis of the remaining factors is unnecessary. Generally, reasonable bases for separately classifying and preferring classes of unsecured claims are premised upon legal distinctions in the non-bankruptcy or post-bankruptcy remedies possessed by the holders of those claims. These include debts that are nondischargeable in Chapter 13 or certain debts for which the claimants have recourse against other obligors. Special treatments provided under the Bankruptcy Code can also provide a reasonable basis for classification.[1] Although additional justifications for classification may be available in Chapter 11,[2] the absence of voting rights for unsecured creditors in Chapter 13 makes such classifications subject to a higher degree of scrutiny. Less flexibility in classification is available if the reason asserted is not related to legally cognizable distinctions.

The nondischargeable nature of certain debts under 11 U.S.C. § 1328(a) may provide a reasonable basis for separate classification and preferential treatment of those claims. Such determinations require a showing on a case by case basis that the claims so classified are for debts which are nondischargeable under § 1328. However, the relationship of a claim to a debt which would be nondischargeable only if the debtor were in a Chapter 7 case does not create a reasonable basis for separate classification and preferential treatment of that unsecured claim in a Chapter 13 plan. Arguments relating to the treatment of such claims are more properly focused on whether a debtor has proposed a Chapter 13 plan in good faith if the plan sharply composes the unsecured dividend payable to such claimants. *See, e.g., In re John-*

son, 69 B.R. 726, 728 (Bankr.W.D.N.Y. 1987). Good faith, however, does not require "repayment of specific types or percentages of claims." *Johnson*, 69 B.R. at 729. The holder of such a claim does not generally possess legal remedies that are different from those available to other unsecured creditors not so favorably classified. Therefore, preferential treatment of such claims discriminates unfairly against other classes of general unsecured claims.

Classification of unsecured claims also should be based upon more than a debtor's personal preference for treating some claims more favorably than others. As stated by one court:

> [t]he lawful classification of claims in a Chapter 13 setting involves more than just the personal preference of a debtor—it involves a justification by the debtor based on reason and fairness....

*Hosler*, 12 B.R. at 396.

The Court finds that, except as set forth below, the debtor has not established a reasonable basis for the treatments proposed for favored classes of unsecured claims. Therefore, the additional factors of necessity, good faith and the nature of the treatment of the classes discriminated against need not be addressed for the remaining classifications. The Court's discussion will be limited to reasons why such classifications appear to be without reasonable basis. The only exceptions to this finding are the classification and treatment proposed for class 1, the priority unsecured claims, and class 7, the claim arising from the assumed lease obligation to Byers Leasing. Both classes are proposed to receive treatment required under other provisions of the Bankruptcy Code.[3] Such treatment is, therefore, reasonably based and appropriate and does not require further discussion.

In addition, the proposal to pay certain unsecured obligations which appear to be nondischargeable in Chapter 13 (class

---

1. *See, e.g.,* 11 U.S.C. §§ 1322(a)(2) and (b)(5–7).

2. *See Teamsters Nat'l Freight Industry. Negot. Comm. v. U.S. Truck Co., Inc. (In re U.S. Truck Co., Inc.),* 800 F.2d 581 (6th Cir.1986); *In re*

---

*Aztec Company,* 107 B.R. 585, 589 (Bankr. M.D.Tenn.1989).

3. *See* 11 U.S.C. § 1322(a)(2); 11 U.S.C. §§ 1322(b)(7) and 365(b)(1).

9) at the 17% dividend proposed for general unsecured claims does not present a classification issue and does not offend other requirements in Chapter 13. Such treatment may cause postdischarge difficulties or give rise to an objection to confirmation not raised in this case, but the proposed treatment does not raise unfair discrimination issues based on classification.

B. Application of The Standard to All Other Proposed Classifications and Treatments (Classes 2, 3, 4, 5 and 6)

1. *Co-signed Obligations (Class 2)*

■■■ Section 1322(b)(1) of Title 11 permits separate classification and different treatment of claims for co-signed consumer debts. *See In re Dornon,* 103 B.R. 61, 64 (Bankr.N.D.N.Y.1989). This section excepts such claims from the "unfair discrimination" test so long as the claims so classified are for debts which were both co-signed and incurred for consumer needs. Although a 1984 amendment to § 1322(b)(1) [4] establishes the right to separately classify claims for co-signed obligations, unless such relationships appear in the schedules or proofs of claim, a debtor must be able to show that the claims so classified represent debts that are co-signed and are for consumer obligations.

This debtor presented no support for his conclusion that he has co-signed consumer debts. Schedule H of the his bankruptcy schedules states that he has no co-signed obligations, even though the plan specifically proposes to pay claims for such obligations at a 100% dividend. Further, since this Debtor is self-employed, the Court will not presume that any co-signed obligations were incurred for consumer purposes pursuant to 11 U.S.C. § 101(8). Unless the debtor is able to show the nature and identity of these obligations, the proposed classification and corresponding treatment of all claims for co-signed obligations is improper.

2. *Returned Checks (Class 3)*

■■■ The debtor offers no justification for separate classification and preferential treatment of claims for all debts arising from checks returned for insufficient payment. Further, under the facts of this case, no reasonable basis exists for such classification.

■■■ Section 1328(a)(3) of Title 11 excepts from a Chapter 13 discharge debts for "restitution included in a sentence on the debtor's conviction of a crime." In appropriate instances, this may provide a "reasonable basis" under § 1322(b)(1) for favorable treatment of claims arising from such obligations. Such treatment is appropriate, however, only where there is an order of restitution as part of a sentence for criminal conviction. A debtor must show obligations under a restitution order, as contemplated under 11 U.S.C. § 1328(a)(3), before a reasonable basis arises for favorable treatment of claims arising from returned checks. No such showing has been made in this case. Thus, no reasonable basis exists for the proposed favorable treatment to this class and the resulting unfair discrimination to holders of other general unsecured claims.

3. *The Rent Arrearage (Class 4)*

■■■ The debtor's proposed treatment of the claim for arrearage to his landlord is confusing at best. The first plan proposed to pay this claim at 100%. An amended plan filed on October 28, 1991 proposes to classify any claim for this obligation as a general unsecured claim to be paid at the 17% dividend. Although the plan seeks to pay the arrearage, it does not indicate whether the underlying lease is assumed or rejected. Further, the debtor's schedules do not indicate the existence of an unexpired lease.

Any determination about the propriety of the proposed treatment of an arrearage claim arising from an unexpired lease depends upon assumption or rejection of the lease. Therefore, the debtor must specify

---

**4.** Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, Title III,

Subtitle A, Sec. 316 (1984).

the treatment of the unexpired lease and clarify the proposed treatment of any existing arrearage before the Court can determine whether the classification is reasonable. If the lease is assumed, the governing statutes would require payment in full of any arrearage. *See* 11 U.S.C. §§ 365(b) and 1322(b)(7). On the other hand, if the lease is rejected, payment at any percentage higher than that proposed for general unsecured claims is inappropriate. *See* 11 U.S.C. §§ 502(g) and 1322(b)(7).

### 4. *The Claim of Ohio Bell Ameritech (Class 5)*

The debtor's plan provides that the claim of Ohio Bell Ameritech is "excluded and the Trustee is to make no payments to the creditor." The plan appears to be objecting to that creditor's claim without following appropriate procedures. *See* Fed.R.Bankr.P. 3007. A proof of claim filed by The Ohio Bell Telephone Company in the amount of $18,282.33 appears to be the claim to which this classification relates. That claim is *prima facie* evidence of its validity and amount. Fed.R.Bankr.P. 3001(f). If the debtor wishes to dispute that presumption, an objection to the proof of claim must be filed in accordance with the bankruptcy rules. A Chapter 13 plan cannot substitute for the proper initiation of a contested matter, absent express consent to the proposed treatment by the claimant. Further, the debtor has not asserted any reasonable basis for the discriminatory classification and treatment of this claim.

### 5. *The Treatment of Mellon Mortgage Co. (Class 6)*

The debtor's bankruptcy schedules indicate that the debtor has only a contingent debt to Mellon Mortgage Company ("Mellon"). Even if this obligation has been assumed by a third party, however, the debtor may have remaining liability. Therefore, Mellon may be able to assert a claim against the debtor. The plan's classification and proposed non-payment of such a claim is, therefore, inappropriate and unfairly discriminatory, unless expressly agreed to by the claimant. Contin-

gency may be a reasonable basis for delayed payment or payment only after certain events occur, but, without further evidence, it is not a reasonable basis for total disallowance of a claim. Further, Mellon has never been informed of the treatment proposed for its claim.

### IV. *Conclusion*

The debtor has the burden of showing that his proposed plan is appropriate for confirmation. *In re Elkind*, 11 B.R. 473, 476 (Bankr.D.Colo.1981). Consistent with that burden, the debtor must establish that proposed classifications do not unfairly discriminate against claimants in classes not favorably treated. *Cook*, 26 B.R. at 190. Part of that burden is showing that the discrimination proposed has a reasonable basis. That burden has not been met in this case.

The plan also must set forth specifically and clearly the treatment afforded to each class. Without explicit classification in detailed, clear, descriptive terms, claimants cannot make an informed decision about whether to object to the plan; the Court cannot determine if the plan meets all tests for confirmation; and the standing trustee cannot be assured of making proper distributions. The debtor's plan lacks such clarity.

Based upon the foregoing, the debtor's plan fails to satisfy the requirements of 11 U.S.C. §§ 1322(a)(3) and (b)(1) and, therefore, fails the confirmation test of 11 U.S.C. § 1325(a)(1). Accordingly, confirmation of the debtor's proposed amended plan is denied. The debtor is given twenty (20) days from the entry of this order to amend his plan in accordance with the Court's findings. Any amended plan must be served on all affected parties and an opportunity to object must be provided. If no such appropriate action is taken, this case will be dismissed.

IT IS SO ORDERED.