In re Thomas Michael CHEAK, Debtor.

Bankruptcy No. BK 94–40094.

United States Bankruptcy Court,
S.D. Illinois.

Aug. 17, 1994.

Bob Kearney, Trustee, Benton, IL.

Mark L. Grossman, Belleville, IL, for debtor.

### OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

The Chapter 13 trustee objects to confirmation of the debtor's amended Chapter 13 plan on the ground that it improperly discriminates between unsecured creditors in violation of 11 U.S.C. § 1322(b)(1). Specifically, the trustee objects that the plan provides for 100% payment to one unsecured creditor, United Missouri Bank ("Bank"), while providing less than 100% payment to other unsecured creditors. The debtor responds that his more favorable treatment of the Bank's claim is appropriate because the Bank's claim is based on a judicial lien and also because the debtor's wife is a co-signer on the obligation to the Bank.

■ The debtor's plan, filed March 24, 1994, provides for payment to "Mastercard, United Missouri Bank" as a secured creditor and states specifically:

> Co-signed loan of creditor, Mastercard, United Missouri Bank, is to be paid at 100% of allowed claim with contract rate of interest.

The plan further provides for "unsecured creditors to share in the remaining base, not to receive less than 10% of allowed claims."

The Bank filed two proofs of claim, both of which classified its claim as "unsecured."[1] One of the proofs of claim also noted that a court judgment was obtained on June 16, 1993. The latter proof of claim contained no indication that the Bank had obtained a lien based on its judgment.

The Court finds without merit the debtor's initial argument that the Bank should be paid 100% of its claim because it holds a judicial lien against the debtor's real estate. This argument is contradicted by the Bank's own characterization of its claim as "unsecured" and by the lack of any evidence that the

---

1. It appears that the Bank has filed duplicate proofs of claim. Presumably, the trustee or the debtor will file an objection to have one of the claims disallowed.

Bank's judgment had been recorded as required for a judicial lien. The Bank's judgment, of itself, created no lien against the debtor's real estate. Rather, in order to obtain a judicial lien, it was necessary for the Bank to record a copy of its judgment in the county in which the debtor's real estate was located. *See* 735 ILCS 5/12–101.[2] Since there is no evidence that the Bank obtained a judicial lien, the debtor's plan erroneously classified the Bank's claim as "secured," and the Bank is not entitled to 100% payment of its claim on this basis.

■ The debtor's further argument that it is appropriate to pay the Bank's claim in full because his wife co-signed on the obligation to the Bank derives from the special provision for co-signed claims in § 1322(b)(1). Section 1322(b)(1), which prohibits unfair discrimination between classes of unsecured claims in a Chapter 13 plan, provides specifically for consumer debts that are co-signed by another individual, stating:

> (b) Subject to subsections (a) and (c) of this section, the plan may—

> (1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; *however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims* [.]

11 U.S.C. § 1322(b)(1) (emphasis added).[3]

Section 1322(b)(1) was amended in 1984 to add the provision regarding codebtor claims. While the amendment is awkwardly worded, it has been interpreted as sanctioning preferential treatment for claims on which a co-signer is liable with the debtor. *See In re Dornon,* 103 B.R. 61, 64 (Bankr.N.D.N.Y. 1989); *In re Davis,* 101 B.R. 505, 506 (Bankr.

S.D.Ohio 1989). This conclusion is based on legislative history reflecting Congress' recognition of the "practical differences" between claims for co-signed debts and other claims:

> Because codebtors are often relatives or friends, the debtor may feel a great need to pay the debt in full, even if that is not permitted within the Chapter 13 plan. If the debtor can be required to devote all disposable income to the plan, the conflicting desire to voluntarily make payments outside the plan on a cosigned debt may spell failure for the plan by leaving insufficient income to keep up plan payments. If, as a practical matter, the debtor is going to pay the codebtor claim, he should be permitted to separately classify it in Chapter 13.

5 *Collier on Bankruptcy,* ¶ 1322.05[1], at 1322–10 (15th ed. 1992), citing to S.Rep. No. 65, 98th Cong., 1st Sess. 17–18 (1983).

Relying on the special treatment accorded codebtor claims in § 1322(b)(1), courts have approved plans proposing 100% payment of unsecured claims involving a co-signer while other unsecured creditors are paid as little as 10% of their claims. *See Dornon,* 103 B.R. at 65; *In re Chapman,* 146 B.R. 411, 416 (Bankr.N.D.Ill.1992). Other courts have similarly approved plans proposing such disparate treatment after examining whether this treatment constitutes "unfair discrimination." *See In re Todd,* 65 B.R. 249, 253 (N.D.Ill. 1986); *In re Perkins,* 55 B.R. 422, 425–26 (Bankr.N.D.Okla.1985). These courts reason that while co-signed claims may be treated "differently" under § 1322(b)(1), any proposed discrimination in favor of such claims must be fair. *Cf. In re Easley,* 72 B.R. 948, 955 (Bankr.M.D.Tenn.1987) ("all 'different' treatments are not necessarily fair discrimination"). Thus, applying the commonly accepted four-factor test for determining whether discrimination is fair,[4] courts have

---

2. This section provides in pertinent part:
 [A] judgment ... is a lien on the real estate of the person against whom it is entered ... only from the time a transcript, certified copy or memorandum of the judgment is filed in the office of the recorder in the county in which the real estate is located.

3. In providing for the classification of unsecured claims, § 1322(b)(1) incorporates the require-

ment of § 1122 that all claims within a particular class be "substantially similar," 11 U.S.C. § 1122(a), as well as the requirement of § 1322(a) that claims within a particular class receive the same treatment. 11 U.S.C. § 1322(a)(3).

4. These factors are:

found disparate treatment between co-signed claims and other unsecured claims justified because the debtor's co-signer might otherwise put indirect pressure on the debtor and interfere with the "fresh start" the Bankruptcy Code is intended to provide. *Cf. Perkins* (discrimination allowed because debtors might attempt to pay co-signed claim in full to protect their son from creditor pressure and thus lessen the plan's likelihood for success).

 This Court likewise finds that a debtor's treatment of co-signed claims under § 1322(b)(1) may not unfairly discriminate against other unsecured creditors. The debtor who seeks to discriminate in favor of a co-signed claim has the burden of showing that such discrimination is fair, and this determination must be made on a case by case basis. *See In re Lawson,* 93 B.R. 979, 984 (Bankr.N.D.Ill.1988). The most important, and defining, factor in determining the fairness of discriminatory treatment is whether the treatment "rationally furthers an articulated, legitimate interest of the debtor," that is whether it relates to an objective interest of the debtor, either in bankruptcy—of completing a plan or obtaining a fresh start—or in maintaining a decent quality of life. *Id.*

In this case, the debtor proposes to pay the Bank's claim in full because his wife, who co-signed the obligation, has had her wages garnished for payment of this debt.[5] A debtor's desire to protect a co-signer with whom he has close personal ties might normally justify discriminatory treatment to prevent the debtor from jeopardizing his successful reorganization by attempting repayment outside the plan. *See Perkins.* However, in this case the codebtor is the debtor's' wife, who has not joined the debtor in his Chapter 13 proceeding. The separate income of the debtor's wife presumably benefits the debtor to the extent they, as a married couple, pool

(1) whether the discrimination has a reasonable basis;
(2) whether the debtor can carry out a plan without such discrimination;
(3) whether such discrimination is proposed in good faith; and
(4) the treatment of the class discriminated against.
*See Perkins,* 55 B.R. at 425–26.

their income for household expenses. Thus, if the debtor were permitted to pay 100% of this co-signed claim through his Chapter 13 plan, he would protect his wife's income and thereby benefit himself at the expense of other unsecured creditors.

The identity of interests between the debtor and his wife as co-signer distinguishes this case from one involving a co-signer who is a relative or close friend with a separate income. Because of this identity of interests, the debtor's proposed discrimination in favor of the Bank's claim does not serve a legitimate purpose that would justify his disparate treatment of other unsecured creditors. The debtor would benefit indirectly from his proposed 100% payment of the Bank's claim, and this treatment, therefore, would not be fair to other unsecured creditors who would receive as little as 10% of their claims.

For these reasons, the Court finds that the debtor's plan unfairly discriminates between classes of unsecured creditors. The Court, accordingly, sustains the trustee's objection to confirmation of the debtor's amended Chapter 13 plan.

---

5. It is unclear why the debtor has not sought relief from such creditor action under the codebtor stay of § 1301(a). *See* 11 U.S.C. § 1301(a). The debtor's obligation to the Bank— a credit card debt—apparently qualifies as a consumer debt, which is required for application of the codebtor stay of § 1301(a) as well as § 1322(b)(1) here at issue.