**In re Lynne Ann APPLEGARTH, Debtor.**

**Bankruptcy No. 97–04463–6J3.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

May 1, 1998.

Robert H. Pflueger, Altamonte Springs, FL, for Debtor.

Laurie K. Weatherford, Winter Park, FL, Chapter 13 Standing Trustee.

*FINDINGS OF FACT AND CONCLU-SIONS OF LAW ON DEBTOR'S PRO-POSED SEPARATE CLASSIFICA-TION OF CODEBTOR CLAIM*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on January 13, 1998, to consider confirmation of Lynne Ann Applegarth's ("Debtor") Proposed Amended Chapter 13 plan (Doc. No. 14) (the "Plan"). The only contested issue concerns the proposed separate classification of a particular unsecured claim due by the Debtor and guaranteed by the Debtor's mother. After considering the stipulated evidence, the arguments of counsel, and applicable law, a further evidentiary hearing is necessary to determine whether the Plan unfairly discriminates against the unsecured creditors.

*Background.* The facts are undisputed. The Debtor owes First Card–FCC National Bank ("FCC") $8,742.14. The debt is an unsecured claim, and its repayment was guaranteed by the Debtor's mother. In the Plan, the Debtor proposes to pay FCC in full via payments of $145.72 a month for 60 months. The rest of the general unsecured creditors will receive distributions of approximately 10% of their claims. However, if the Debtor paid every unsecured creditor equally, then every unsecured creditor, including

FCC, would receive distributions of 33% of their claims.

*Separate Classification in Chapter 13 Plan.* Section 1322(b)(1) of the Bankruptcy Code[1] governs whether a debtor can separately classify a claim in a Chapter 13 plan. 11 U.S.C. § 1322(b)(1). Section 1322(b)(1) provides:

> Subject to subsections (a) and (c) of this section, the plan may—
>
> (I) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt[2] of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims.

Although the wording of the statute is awkward, the section clearly permits the separate classification in a Chapter 13 plan of a cosigned debt. The real issue is whether the separate classification must meet the unfair discrimination test.

Legislative history on this issue is sparse. Congress amended Section 1322(b)(1) in 1984 specifically to permit a debtor to separately classify a debt when another individual guarantees the repayment of the debt. *In re Thompson*, 191 B.R. 967, 969 (Bankr.S.D.Ga. 1996). In modifying Section 1322(b)(1), Congress intended to overrule the majority of cases that refused to separately classify codebtor claims. S.Rep. No. 65, 98th Cong., 1st Sess., pp. 17–18 (1983). These courts rationalized that codebtor claims were not sufficiently different from other type of claims to justify a separate classification. *Id.*

In response, Congress determined that there are important practical differences between codebtor claims and other unsecured claims that justify a separate classification. *Id.* For example, a debtor often will feel compelled to pay a codebtor claim over other unsecured claims when the codebtor is a friend or relative. *Id.* In addition, Congress

was concerned with the possible ripple effect of a debtor not paying a codebtor claim. *Id.* If the codebtor also cannot pay the claim, then the codebtor may be forced to file a bankruptcy petition causing escalating financial problems to other parties as well. *Id.* Thus, due to these reasons, Congress decided that a debtor should be permitted to separately classify codebtor claims in a Chapter 13 plan. *Id.* However, Congress failed to address whether the separately classified codebtor claims must meet the unfair discrimination test set forth in the first clause of Section 1322(b)(1).

■ Many courts have wrestled with the issue of whether Section 1322(b)(1) permits a debtor to separately classify a codebtor claim without considering whether the proposed classification unfairly discriminates against other unsecured creditors. *See In re Strausser*, 206 B.R. 58, 59–60 (Bankr.W.D.N.Y. 1997); *In re Thompson*, 191 B.R. at 971–72; *In re Battista*, 180 B.R. at 357–58; *In re Martin*, 189 B.R. 619, 627–28 (Bankr.E.D.Va. 1995); *In re Cheak*, 171 B.R. 55, 58 (Bankr. S.D.Ill.1994); *In re Ross*, 161 B.R. 36, 37–8 (Bankr.C.D.Ill.1993); *In re Chapman*, 146 B.R. 411, 416 (Bankr.N.D.Ill.1992); *Nelson v. Easley (In re Easley)*, 72 B.R. 948, 956 (Bankr.M.D.Tenn.1987). After reviewing these decisions and although there is some dispute, the better view is that Section 1322(b)(1) does not allow a debtor to separately classify a codebtor claim while unfairly discriminating against other unsecured creditors. *In re Cheak*, 171 B.R. at 58; *In re Ross*, 161 B.R. at 37; *In re Easley*, 72 B.R. at 956; *In re Martin*, 189 B.R. at 628; *In re Battista*, 180 B.R. at 357; *In re Strausser*, 206 B.R. at 60; *But see In re Thompson*, 191 B.R. at 971–74 and *In re Chapman*, 146 B.R. at 416.

The legislative history of the 1984 amendment to Section 1322(b)(1) supports the view that a debtor's separate classification of a codebtor claim cannot unfairly discriminate.

---

1. Unless otherwise noted, all referenced statutory sections are from Title II of the United States Code.

2. A consumer debt is a debt incurred by an individual primarily for a personal, family, or household purpose. 11 U.S.C. § 101(8). Here, the Court is assuming that the debt due to FCC is a consumer debt that was incurred for the benefit of the Debtor and not the codebtor. *See In re Battista*, 180 B.R. 355, 358 (Bankr.D.N.H.1995).

Before Section 1322(b)(1) was amended in 1984, a debtor could classify unsecured claims together only if the claims were substantially similar and then only if the classification did not unfairly discriminate against other unsecured creditors. *In re Strausser*, 206 B.R. at 59. The legislative history of the 1984 amendment of Section 1322(b)(1) only discusses the policy reasons for allowing a separate classification of a codebtor claim. S.Rep. No. 65, 98th Cong., 1st Sess., pp. 17–18. The legislative history does not mention the unfair discrimination standard. *Id.* If Congress wanted to waive the unfair discrimination requirement, Congress could have expressly done so. *In re Strausser*, 206 B.R. at 59; *In re Battista*, 180 B.R. at 357. Thus, the proper interpretation of Section 1322(b)(1) is that a codebtor claim may be separately classified but only if the classification does not unfairly discriminate. Accordingly, in order for the Debtor to separately classify her debt to FCC, she must show that the classification does not unfairly discriminate against her other unsecured creditors.

■ *Unfair Discrimination Test.* No bright line rule exists to determine whether a debtor is unfairly discriminating against other unsecured creditors by separately classifying a codebtor claim. Rather, a case by case analysis is necessary. The factors to consider in determining whether a debtor is unfairly classifying unsecured claims include: (1) whether there is a rational basis for the classification, (2) whether the classification is necessary to the debtor's rehabilitation under Chapter 13, (3) whether the discriminatory classification is proposed in good faith, (4) whether there is a meaningful payment to the class discriminated against, and (5) whether the difference is significant between the amount the lesser paid class will receive as the plan is proposed and the amount they would receive if there were no separate classification. *Strausser*, 206 B.R. at 60 (citations omitted); *See also Amfac Distribution Corp. v. Wolff (In re Wolff)*, 22 B.R. 510, 512 (9th Cir. BAP 1982). Using these factors as a guideline, the debtor has the burden of proof to show that there is no unfair discrimination against other unsecured creditors. *Wolff*, 22 B.R. at 512; *Cheak*, 171 B.R. at 58.

*Analysis.* In the Plan, the Debtor proposes to pay a codebtor claim in full while paying the rest of the unsecured creditors 10% of their claims. To the Debtor's credit, her Plan is proposed for five years, which is the maximum allowance under the Bankruptcy Code. Nevertheless, the Debtor has failed to show that the separate classification does not unfairly discriminate against the rest of the unsecured creditors. For example, is the separate classification necessary for a successful reorganization? Is the separate classification necessary to protect the codebtor? Is the separate classification proposed in good faith? Would the failure of the Debtor to pay the claim in full cause a string of bankruptcy filings?

At the confirmation hearing, the parties stipulated to facts assuming that the unfair discrimination test would not apply. That is not the case. Accordingly, the Debtor should have an opportunity to prove that the separate classification does not unfairly discriminate against the other unsecured creditors. An evidentiary hearing to give the Debtor this opportunity is schedule for **10:15 a.m. on June 16, 1998.**

*Conclusion.* The Debtor cannot separately classify a codebtor claim under Section 1322(b)(1) without proving that the separate classification does not unfairly discriminate against other unsecured creditors. An evidentiary hearing will be held at **10:15 a.m. on June 16, 1998,** to determine whether the Debtor's Plan unfairly discriminates against other unsecured creditors. A separate order consistent with the Findings of Fact and Conclusions of Law shall be entered.