**In re Robert G. MARKHAM, Marie Markham, debtors.**

**Bankruptcy No. 98–50020(3)13.**

United States Bankruptcy Court,
W.D. Kentucky.

July 8, 1998.

David E. Arvin, Hopkinsville, KY, for debtor.

Alan C. Stout, Marion, KY, trustee.

William W. Lawrence, Louisville, KY, trustee.

## MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

This matter is presently before the Court on the Objection of Bank One, Kentucky, NA ("Bank One") to Confirmation of the Debtors' Chapter 13 Plan. Bank One is a creditor in this action on a note Debtor Robert Markham ("Debtor") co-signed to enable his brother to obtain a loan. Bank One objects to the Debtors' Plan on the basis that it classifies Bank One's claim differently from other unsecured claims. Specifically, Debtor proposes to pay only fifteen percent (15%) on Bank One's claim while paying seventy percent (70%) on all other unsecured claims.

Having fully reviewed the parties' briefs, as well as having conducted research of its own, the Court finds that the Bankruptcy Code does not permit a debtor to treat co-signed claims that are in default less favorably than other unsecured claims. Accordingly, the Court will sustain Bank One's Objection to Confirmation, for the reasons set forth below.

### FACTS

The Debtors' brother, William E. Markham, financed the purchase of a pickup truck by obtaining a loan from the creditor in this action, Bank One. The Debtor co-signed for that loan. The Debtor's brother subsequently defaulted on the loan. Thereafter, Bank One repossessed and sold the truck, leaving a deficiency of $6,935.00. The Debtor has proposed a Chapter 13 Plan which classifies Bank One's co-signed claim, which is now an unsecured deficiency claim, differently from the other unsecured claims, giving it significantly less favorable treatment.

Bank One has objected to confirmation of Debtors' Plan, on the basis that while 11 U.S.C. § 1322(b)(1) permits discrimination against general unsecured claimants to protect a debtor's co-signer, it does not permit a debtor to prefer general unsecured creditors over those holding co-signed claims upon which the original obligor has defaulted.

### DISCUSSION

In determining whether a Chapter 13 Plan may treat a co-signed claim that is in default less favorably than other unsecured claims, the Court must direct its attention to § 1322(b)(1) of the Bankruptcy Code. That section provides:

Subject to subsections (a) and (c) of this section, the Plan may—

(1) designate a class or classes of unsecured claims, as provided in § 1122 of this Title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor *differently* than other unsecured claims;
. . .

[2] While § 1322(b)(1) has been construed as permitting debtors to pay a co-signed claim at a *higher* composition than other unsecured claims, a number of courts have held that this section does not permit debtors to pay such claims at a *lower* composition. *In re Diaz,* 97 B.R. 903 (Bankr. S.D.Ohio 1989); *In re Davis,* 101 B.R. 505, 507 (Bankr.S.D.Ohio 1989); *In re Dondero,* 58 B.R. 847, 848 (Bankr.S.D.Or.1986); *In re Perkins,* 55 B.R. 422 (Bankr.N.D.Okla.1985).

The legislative history of § 1322(b)(1) supports this interpretation. *See In re Gonzales,* 172 B.R. 320, 329 (E.D.Wash.1994); *Dondero,* 58 B.R. at 848; *In re Dornon,* 103 B.R. 61, 63 (Bankr.N.D.N.Y.1989). While there are no theoretical differences between co-debtor claims and other claims, there are practical differences that must be recognized. These practical differences are rooted in the fact that co-debtors are often relatives or friends of the debtor. Consequently, the debtor may feel a great personal pressure to

pay the debt in full to protect those friends or relatives, despite the fact that payment of the claim in full is not permitted in the Chapter 13 Plan. Thus, if the debtor is required to devote all disposable income to the plan, the conflicting desire to make voluntary payments outside of the plan on the co-signed debt may spell failure for the plan by leaving insufficient income to keep up with plan payments. *5 Collier an Bankruptcy,* ¶ 1322.05(1) (15th Ed.1994); S.Rec. No. 9th Cong. 1st Sess. 17–18, 1983. Accordingly, to deal with the practicalities of this type of situation, § 1322(b)(1) permits the debtor to separately classify co-signed debts in the context of the debtor's Chapter 13 Plan.

Thus, while the purposes and intent underlying § 1322(b)(1) support an interpretation that the language of that section permits co-signed claims to be treated more favorably than other unsecured claims, they do not support a finding that a less favorable treatment of co-signed claims is permissible.

In addition, there is yet an even more practical reason for rejecting the interpretation advanced by the Debtor that § 1322(b)(1) permits less favorable treatment of co-signed claims. The Bankruptcy Code simply does not provide either the Court or the Trustee with a mechanism for insuring that the nondebtor co-signer will actually pay the obligation. The Debtor takes the position that the obligation will be paid by the co-signer, a third party. That assumption is the basis for the Debtor's argument that the Plan may provide for a lower percentage of payments on the co-signed debt. However, because the nondebtor co-signer is not within the Court's jurisdiction, the Court has no authority to assure that the nondebtor co-signer actually makes such payments, thereby satisfying the creditor's claim. *See Diaz,* 97 B.R. at 905; *see also Dondero,* 58 B.R. at 849. Thus, without a mechanism insuring that the co-signer will pay the obligation, the creditor possessing the co-signed claim is placed in a more precarious position than other creditors.

Accordingly, the Court concludes that a Chapter 13 Plan which treats a co-signed claim that is in default less favorably than other unsecured claims unfairly discriminates against the creditor, and as such cannot be confirmed pursuant to § 1322(b)(1).

### CONCLUSION

For the above stated reasons, the Court finds that the Debtors' Chapter 13 Plan unfairly discriminates against Bank One by proposing to pay only 15% of Bank One's co-signed claim, while paying 70% on all other unsecured claims. Accordingly, Bank One's Objection to Confirmation of the Debtors' Chapter 13 Plan will, by separate Order, be sustained.