## In re BEAUCHAMP, Robert C. and Roberta C., Debtors.

### No. 02–60500.

United States Bankruptcy Court,
D. Minnesota,
Sixth Division.

Sept. 17, 2002.

Michael Farrell, and Bruce L. Madlom, Fargo, ND, for the Robert and Roberta Beauchamp.

Lowell P. Bottrell, Fargo, ND, for trustee

## ORDER DENYING CONFIRMATION

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter was heard on the 23rd day of July, 2002, in Bankruptcy Court at Fergus Falls, Minnesota, on the Trustee's objection to confirmation of the Debtors' proposed Chapter 13 Plan. Appearances were by Lowell P. Bottrell for the Trustee Michael Farrell, and Bruce L. Madlom for the Debtors Robert and Roberta Beauchamp. Based on arguments of counsel, briefs and all relevant files constituting the record submitted, including the proposed Plan, the Court now makes this **ORDER** sustaining the objection of the Trustee and

denying confirmation pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I.

The Debtors' Plan classifies several unsecured student loans separately from their other unsecured debt. The student loans would be paid in full over the life of the Plan, while the other unsecured debt would be paid a small dividend of several cents on the dollar. The loans were all taken for the benefit of the Debtors' children, who are also cosigners on the obligations. The Trustee objects to the separate treatment of the student loans as unfairly discriminating among the Debtors' other unsecured class claims. The Debtors respond that 11 U.S.C. § 1322(b)(1) allows them to treat the student loans differently. The Court agrees with the Trustee and finds that the proposed more favorable treatment of the student loans unfairly discriminates against the general unsecured class of claims.

## II.

 In general, unsecured student loans cannot be treated more favorably than other unsecured debt by Chapter 13 plans in this District. *See In Re Scheiber,* 129 B.R. 604 (Bankr.D.Minn.1991). In distinguishing student loan debt from child support obligations, which have been found to justify more favorable treatment than general unsecured debt, the *Scheiber* court said:

> In *Storberg,* the strong public policy of ensuring the support of children was the major focus. The opinion cites to examples of statutory special treatment for child support obligations. *Storberg, 94 B.R. at 147.* Public policy ensuring repayment of student loans is not as significant. In this case, the debtors argue "the entire educational system in the

United States hinges on student loan availability which in turn requires the repayment of student loans." To the extent this is true, Congress has remedied the situation by amending *11 U.S.C. § 1328.* The fact that Congress amended *§ 1328(a)(2)* to except from discharge educational loans as specified in *11 U.S.C. § 523(a)(8)* indicates that Congress Insists that debtors repay their student loans but this does not evidence a position as favored in public policy as are alimony and child support payments. *See Scheiber,* 129 B.R. at 606, citing *In re Storberg,* 94 B.R. 144 (Bankr.D.Minn. 1988). The Debtors argue in their brief that their desire for a "fresh start" motivates the proposed treatment, but that does not provide a legitimate basis for the discrimination.

> Although the debtors believe that this would prevent them from receiving a "fresh start" the public policy behind paying 100% of the student loans is not sufficient enough to deprive the other unsecured creditors of the additional 46.5% they could receive under this plan.

*Id.* at 607.

 The fact that the loans are cosigned by their children does not provide a legitimate basis for the discrimination, either. Section 1322(b)(1) provides:

> (b) Subject to subsections (a) and (c) of this section, the plan may—

> (1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, *such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims;*

*See* 11 U.S.C. § 1322(b)(1) (emphasis added). Not all cosigned consumer unsecured

debts can be treated more favorably than other unsecured debt under the statute. Favorable treatment of cosigned debt still depends on its not being unfairly discriminatory. *See Spokane Railway Credit Union v. Gonzales (In Re Gonzales)*, 172 B.R. 320, 328 (E.D.Wa.1994), quoting *In re Cheak*, 171 B.R. 55, 58 (Bankr.S.D.Ill.1994) (the debtor who seeks to discriminate in favor of a co-signed claim has the burden of showing that such discrimination is fair, and this determination must be made on a case by case basis). That is, the treatment must have a legitimate purpose. Generally, a legitimate purpose is found where the non-debtor cosigner has incurred a co-signed obligation in a transaction with a third party for the debtor's benefit.

> The legislative history of *section 1322(b)(1)* indicates that Congress was concerned that a debtor would feel the moral obligation to protect family or friends who had obligated themselves for the debtor's benefit. The repayment of such a debt might be outside the plan, and therefore jeopardize the reorganization effort. The same moral obligation does not exist when the debtor is not the beneficiary of the obligation. Also, Congress was concerned that the failure of a debtor to completely pay off a cosigned obligation would lead to a "ripple effect" driving codebtors into bankruptcy as the creditor looked to the cosigner for satisfaction of any debt unpaid under the plan. *Lewman*, 157 B.R. at 137. This presumes that the debtor would be primarily liable, and that the creditor would turn to the codebtor only in the event that the debtor fails to pay. Most courts already require that the debtor be the beneficiary of the obligation in order to separately classify the debt for disparate treatment. This, therefore, is nothing more than a restatement of existing law.

*See In Re Thompson*, 191 B.R. 967, 972 (Bankr.S.D.Ga.1996), citing *In re Lewman*, 157 B.R. 134 (Bankr.S.D.Ind.1992). Under such circumstances, Congress apparently felt, especially where the non-debtor cosigner is a relative of the debtor, that more favorable treatment for the cosigner is reasonable and in the best interest of the debtor, creditors and the plan.

Here, assuming that student loans constitute "consumer debt" under the statute, treating them more favorably than other unsecured debt is not justified because the obligations were incurred by the Debtors for the benefit of their non-debtor children, who would be ordinarily expected to pay the obligations anyway. There is no legitimate purpose in allowing the Debtors to pay the obligations of their children, who received the benefits of the loans, at the expense of the Debtors' other unsecured creditors. Such treatment is unfairly discriminatory, and the Plan cannot be confirmed. *See In re Hamilton*, 102 B.R. 498, 501 (Bankr.W.D.Va.1989).

### III.

Therefore, based on the foregoing, it is hereby **ORDERED** that the objection of the Trustee to confirmation of the Debtors' proposed Chapter 13 Plan is sustained, and **confirmation is denied.**