In re Patricia A. VOLLMAN, Debtor.

No. 07–33993.

United States Bankruptcy Court,
S.D. Ohio,
Western Division at Dayton.

March 21, 2008.

Harry B. Zornow, Hamilton, OH, for
Debtor.

Christopher Kennedy, Cleveland, OH,
for eCast Settlement Corporation.

Jeffrey M. Kellner (Chapter 13 Trustee); Scott G. Stout (Staff Attorney for the
Chapter 13 Office), Dayton, OH.

MaryAnne Wilsbacher, Office of the
United States Trustee, Columbus, OH.

**Decision Denying Confirmation
of the Debtor's Amended
Chapter 13 Plan**

GUY R. HUMPHREY, Bankruptcy
Judge.

This contested matter is before the
court on creditor eCast Settlement Corporation's ("eCast") *Objection to Confirmation of Amended Chapter 13 Plan* (Doc.
29). This court has jurisdiction pursuant
to 28 U.S.C. § 1334 and this is a core
proceeding pursuant to 28 U.S.C.
§ 157(b)(2)(L), which concerns "confirmations of plans."

*Facts and Procedural Background*

On September 12, 2007, the Debtor, Patricia A. Vollman, filed a Chapter 13 petition, schedules and Official Form B22c
(Doc. 1). On September 13, 2007, the
Debtor filed her proposed Chapter 13 plan
(Doc. 7). The Chapter 13 Trustee filed an
objection to the original plan on October
30, 2007 (Doc. 22) and eCast filed an objection on November 2, 2007 (Doc. 24). The
Debtor, in response to these objections,
filed an amendment to the proposed plan
on November 29, 2007 (Doc. 26), which
with the original plan will be referred to as
the "Plan." eCast filed an amended objection to the Plan on December 18, 2007
(Doc. 29). In response to the objection of
eCast, the Debtor filed a series of responses (Docs. 33, 34, 35 and 37). Finally,
eCast filed a final reply brief on January

31, 2008 (Doc. 44). The parties filed a joint report noting that the parties could not reach stipulations of fact (Doc. 47).[1]

The Plan proposes to pay the Chapter 13 Trustee $250 each month, for 59 months, with a 100% dividend to nonpriority unsecured creditors, with a notable exception. The Plan proposes to not pay anything to certain nonpriority unsecured claims with co-obligors, including the claims of eCast (Doc. 26). The Plan provides those claims will be paid by co-obligors and will be discharged as to the Debtor upon the completion of the Plan payments. Among other objections to the Plan, eCast, which holds the largest unsecured claim in this bankruptcy case, objects to this provision.[2]

### Issues

While eCast raises a number of objections to the Plan, the court determines that the issue as to whether a debtor may discriminate against holders of nonpriority unsecured debts for which co-obligors exist by paying them less than other nonpriority unsecured debts is dispositive of the issue of whether the Plan should be confirmed. The court determines that the Plan should not be confirmed.[3]

### Analysis

11 U.S.C. § 1322(b)(1) Does Not Permit a Chapter 13 Debtor to Pay Nonpriority Unsecured Claims with Co–Obligors Less Than Other Nonpriority Unsecured Claims

Section 1322(b)(1) provides that a "plan may ... designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims[.]" 11 U.S.C. § 1322(b)(1). An amendment to § 1322(b)(1) in 1984 provided the opportunity for a debtor to treat nonpriority unsecured claims in which there is a co-obligor "differently" than other nonpriority unsecured claims.[4]

The Plan in this case cannot be confirmed because it proposes to pay nothing to nonpriority unsecured claims with co-obligors, while paying a 100 % dividend to all other nonpriority unsecured claims. The Debtor argues this Plan provision and its evident discrimination against nonpriority unsecured creditors is permitted by the language of Bankruptcy Code § 1322(b)(1). However, three reported decisions from

---

1. As ruled in this Decision, the court is determining that the Plan is not confirmable as a matter of law.

2. The Plan provides the same treatment for the claim of Bank of America, now known as FIA Card Services.

3. eCast has raised a series of other objections to the Debtor's Plan. However, since the court has determined that the provision of the Plan that proposes to pay eCast less than other nonpriority unsecured creditors renders the plan unconfirmable, the court declines to address those issues at this time. To the extent those issues are raised again as a result of a

further amended plan the Debtor proposes, those objections can be addressed at such time. However, the court notes that many of the other legal issues raised by eCast in its objections to the Plan in this case have been decided in a decision in the case of *In re Anderson*, 383 B.R. 699, 2008 WL 748416 (Bankr.S.D.Ohio 2008), which is being filed by the court at the same day as this Decision and also involves eCast.

4. See *In re Riggel*, 142 B.R. 199, 204, n. 4 (Bankr.S.D.Ohio 1992), *citing* Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 93–353, Title III, Subtitle A, Sec. 316 (1984).

the bankruptcy court for the Southern District of Ohio have determined that this 1984 amendment to § 1322(b)(1) does not permit debtors to discriminate against holders of debts for which co-obligors exist by paying them less than other nonpriority unsecured creditors.

In *In re Diaz,* 97 B.R. 903 (Bankr. S.D.Ohio 1989), Judge Cole concluded that the "different" treatment allowed by § 1322(b)(1) does not allow debtors to pay co-signed debts less than other non-priority unsecured claims. The court noted that the legislative history reflects that the amendment was intended to avoid debtors having the "conflicting desire to voluntarily make payments outside the plan on a co-signed debt" and pay these debts in full "[b]ecause co-debtors are often relatives and friends[.]" *Id.* at 904–05 (*citing* S.Rep. No. 65, 98th Cong., 1st Sess., 17–18 (1983), *quoted in Collier on Bankruptcy,* 1322–8 (15th ed.)). This rationale explains why, under certain circumstances, a debtor may be able to pay nonpriority unsecured claims with co-obligors more than other nonpriority unsecured claims. It does not justify or sanction paying such creditors less. Judge Cole also noted that the fact that the Bankruptcy Code "does not provide either the court or the trustee with a mechanism to allow them to confirm that the nondebtor co-obligor is paying the obligation" supports this interpretation of § 1322(b)(1). *Id.* at 905.

In *In re Davis,* 101 B.R. 505, 507 (Bankr.S.D.Ohio 1989) Judge Sellers adopted Judge Cole's decision in *Diaz.* Judge Calhoun, citing *Diaz,* also noted that § 1322(b)(1) does not allow nonpriority unsecured claims with co-obligors to be paid less than other nonpriority unsecured creditors. *In re Burnip,* 229 B.R. 904, 906 (Bankr.S.D.Ohio 1999). Consistent with this reasoning, another reported decision noted that a more favorable treatment of nonpriority unsecured creditors without co-obligors is inconsistent with the purposes of § 1322(b)(1). *In re McKown,* 227 B.R. 487, 492, n. 4 (Bankr.N.D.Ohio 1998).

The Debtor argues that Judge Sellers' decision in *In re Riggel,* 142 B.R. 199, 202–04 (Bankr.S.D.Ohio 1992) supports her position. In *Riggel,* an "unfair discrimination" test[5] was applied under circumstances in which the debtor chose to pay nonpriority unsecured claims with co-signors more than other nonpriority unsecured creditors. However, Judge Sellers previously ruled in *Davis* that such creditors cannot be paid less.[6]

### *Conclusion*

Confirmation of the Debtor's Plan (Doc. 7), as amended (Doc. 26), is **denied.** The Debtor shall file any further amended plan within thirty (30) days after the entry of the order on this Decision. The court is simultaneously entering an order consistent with this decision.

---

5. The court expresses no opinion on the appropriate test to be applied to a provision of a Chapter 13 plan providing for the payment of a holder of a nonpriority unsecured claim with a co-obligor more than other nonpriority unsecured creditors.

6. *Ramirez v. Bracher (In re Ramirez),* 204 F.3d 595, 595–96 (5th Cir.2000) and *Chacon v. Bracher (In re Chacon),* 202 F.3d 725, 726 (5th Cir.1999) also involved plan provisions which provided for the payment of claims for which co-obligors existed a larger dividend than other nonpriority unsecured creditors.